IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS VIA,  :

       Plaintiff,  : Case No. 3:09-CV-274

vs.  : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

       Defendant.  :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On July 9, 2010, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #14) are overruled. Accordingly, the Commissioner's decision of non-disability is affirmed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)©, this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The

Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of

Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.  Plaintiff's Objections appear to go to the weight given by the Administrative Law Judge to the medical evidence of record. On an appeal from a decision of the Administrative Law Judge of non-disability, the task of the reviewing Court is not to determine whether the record contains evidence of disability or to re-weigh the evidence considered by the Defendant; rather, the Court's task is limited to determining whether the record contains substantial evidence in support of

the Commissioner's finding of non-disability. In this matter, the record is so supported.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #14) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against the Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 28, 2010

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record